# UNITED STATES BANKRUPTCY COURT
## Middle District of Florida
### Orlando Division

| | |
|---|---|
| IN RE: | Case No: 6:09-bk-01101-KSJ |
| | Chapter 13 |
| Jennifer V Allamby | |
| Debtor | |

## Order Confirming Chapter 13 Plan

This case came on for a Confirmation Hearing on October 20, 2009. It having been determined that thedebtor's Plan as modified at the hearing, docket number 23, complies with section 1325 and other applicable sections of the Bankruptcy Code, it is herewith Ordered as follows:

1. The debtor's Chapter 13 Plan is confirmed.

2. Payments by the debtor of (see exhibit "A") per month by money order or cashier check or wage deduction for 60 consecutive months commencing on March 14, 2009 are to be made to Laurie K. Weatherford - Trustee, P.O. Box 1103, Memphis, TN 38101-1103.

3. According to the confirmed Plan, or any modified plan thereafter, the last regular monthly mortgage payment to be paid through the Chapter 13 Trustee's office is 02/14/2014. Therefore, it is important that the debtor resume their regular monthly mortgage payments directly to the mortgage creditor thereafter.

4. The debtor is prohibited from incurring any post-confirmation debt during the term of this Plan without prior approval of the Court or the Trustee.

5. Claims are allowed and security surrendered to creditors as set forth in Exhibit "A" attached hereto, and by reference made a part hereof.

6. If a debtor surrenders property, creditors holding secured interests in the surrendered property may seek in rem relief from the automatic stay without payment of the related filing fee provided the motion is served by negative notice and is titled: Motion for Relief from Stay by Consent (Surrendered Property). Creditors may file an unsecured claim for any deficiency due within 91 days of the entry of this Order. Surrender is deemed effective immediately upon entry of this Order.

7. Distribution by the trustee shall commence and continue on a monthly basis following this

confirmation in the following order:

   a. Trustee percentage fee as allowed by the U.S. Trustee.

   b. Attorney fees and expenses are allowed in the amount of $2,000.00 to the debtor's attorney.

   c. Creditors' claims in accordance with Exhibit "A".

8. Provisions for treatment of adjustable rate mortgage payments and escrow accounts are as follows:

   a. The Mortgage Holder shall forward any notice of change of mortgage payment or escrow amount to the debtor, debtor's attorney, and the trustee as soon as practicable and before any payment change is requested to occur.

   b. The Mortgage Holder shall assess no post-petition costs or expenses against the debtor's account during the pendency of this case until first providing the debtor, debtor's attorney, and the trustee with a notice of requested charges and opportunity to object.

   c. Upon receipt of the notice of payment changes or charges requested, the trustee shall take the following action:

      (1) If the new payment is *less* than the current payment, the trustee shall reduce the payment to the creditor in accordance with the notice and apply the difference to increase the distribution to unsecured creditors.

      (2) If the new payment is *greater* than the current payment, the trustee shall compute the additional sum the debtor must pay and advise the debtor and debtor's attorney of the new monthly payment amount. The payment to the creditor will be adjusted accordingly.

   d. These provisions are in effect a modification to a confirmed plan requested by the trustee pursuant to 11 U.S.C. Section 1329. Notice and hearing are waived inasmuch as no creditor will be adversely affected by such change.

   e. The automatic stay is modified, to the extent necessary, to allow the debtor and Mortgage Holder to negotiate loan modification terms during the pendency of this case. The parties shall timely submit any agreed loan modifications to the Court for approval.

9. Upon debtor making all payments required under the Plan and the entry of a Discharge Order, any mortgages paid through the Plan are deemed cured and reinstated through the plan completion date. All post-petition late fees and charges of any kind incurred incident to the Plan but not properly noticed and addressed via paragraph 8 above are discharged. Further, upon debtor making all payments required under the Plan to satisfy a security

    interest in a motor vehicle, mobile home or other similar property of the estate, upon discharge, creditor must timely provide a satisfaction and release of lien pursuant to state law.

10. Provisions for creditors' liens that are being avoided are as follows:

    a. Claim of a creditor whose liens are being avoided by debtor is treated in debtor's Plan as unsecured claims, and a statement of this treatment is included in the Plan.

    b. If the case is dismissed, those payments received by the creditor apply to the debt, but the lien is not avoided by this Order.

    c. The lien of the creditor is avoided, without further order, upon the earlier of (i) the payment of underlying debt, or (ii) the entry of a discharge under section 1328.

11. If any claim (secured/priority/unsecured) is filed after entry of this Order, the debtor or their attorney must timely file the appropriate motion to modify confirmed plan, objection(s) to claims and/or motion(s) to value claims.

12. If bar date to file proofs of claim has not yet expired:

    a. The debtor shall have thirty-five (35) days following the expiration of any bar date to object to any claim filed after entry of this Order.

    b. The debtor shall have thirty-five (35) days following the filing of an untimely claim to file an objection.

    c. Failure to timely object to a claim shall result in the allowance of the claim and the trustee shall include payments to these creditors in addition to those creditors currently listed on attached Exhibit "A".

    d. The trustee shall review the Claims Register after all bar dates have passed and file a motion to dismiss if the debtor fails to timely take appropriate action to address all filed claims.

13. The trustee shall hold all funds payable to general unsecured creditors for at least thirty (30) days after the bar date for filing claims has passed.

14. The debtor is responsible for paying all post-petition ongoing homeowners assessments, homeowners' dues, and/or property taxes; the automatic stay shall not apply to these debts.

15. The debtor is responsible for paying any domestic support obligation that first becomes payable after the date of filing of the petition.

16. Variations in distributions between the debtor's Plan and this Order shall be resolved in

favor of this Order.

17. The debtor shall provide to the Chapter 13 Trustee all tax returns on an annual basis, to be received by the Chapter 13 Trustee no later than April 30th of each year.

18. All future refunds from the Internal Revenue Service shall be turned over to the Chapter 13 Trustee for distribution to the general unsecured creditors who have filed timely unsecured claims.

19. All objections to confirmation of the Plan were resolved at the Confirmation Hearing or are resolved by this Order.

20. No later than 180 days prior to the debtor's last Plan payment, the debtor shall file a certification(s) that (i) lists all domestic support obligations and whether such obligations are current, (ii) certifies that Section 522 (q) (1) is not applicable and no proceeding is pending in which the debtor could be found guilty of an offense listed in 522 (q) (1).

21. The debtor shall complete the required debtor financial education course and file the related certificate with the Court no later than 180 days following the entry of this Order.

22. The provisions of paragraphs 20 and 21 only apply to those cases filed on or after October 17, 2005.

23. To the extent this Confirmation Order contains any modified term or condition not timely noticed, parties may seek the reconsideration of this order within 14 days of its entry by separate motion.

DONE and ORDERED in Orlando, Florida, this 26th day of October, 2009

Karen S. Jennemann
United States Bankruptcy Judge

Copies furnished to:

All Creditors and Interested Parties.

**Exhibit "A"**

| Claim Nbr. | | Claim Type | Claim Amount | Claim Allowed | Notes | Monthly Payments | |
|---|---|---|---|---|---|---|---|
| AT | J Craig Bourne | Attorney Fee | $2,000.00 | $2,000.00 | | | |
| | | | | | | 01-14/ | $140.00 |
| | | | | | | 15-15/ | $40.00 |
| 001 | Citifinancial Auto Ltd | Secured By Vehicle | $6,197.96 | $6,542.50 | ( 1) | | |
| | | | | | | 01-19/ | $327.13 |
| | | | | | | 20-20/ | $327.03 |
| 002 | The Independent Savings Plan Company | Secured | $5,309.23 | $0.00 | ( 2) | | |
| 003 | West Healthcare Receivable Management | General Unsecured | $82.00 | $82.00 | | 1-60/ | Pro Rata |
| 004 | West Healthcare Receivable Management | General Unsecured | $50.00 | $50.00 | | 1-60/ | Pro Rata |
| 005 | W.S. Badcock | Secured | $228.59 | $244.89 | ( 3) | | |
| | | | | | | 01-01/ | $0.00 |
| | | | | | | 02-12/ | $20.31 |
| | | | | | | 13-13/ | $21.48 |
| 006 | Pra Receivables Management Llc | General Unsecured | $536.08 | $536.08 | | 1-60/ | Pro Rata |
| 007 | Lake County Tax Collector | Secured | $2,517.35 | $0.00 | ( 4) | | |
| 008 | Plains Commerce Bank | General Unsecured | $2,547.50 | $2,547.50 | | 1-60/ | Pro Rata |
| 009 | Pra Receivables Management Llc | General Unsecured | $589.79 | $589.79 | | 1-60/ | Pro Rata |
| 010 | Citifinancial Auto, Ltd. | General Unsecured | $649.45 | $649.45 | | 1-60/ | Pro Rata |

Note ( 1)   PURSUANT TO ORDER DATED 10/19/2009, CLAIM SHALL BE ALLOWED AT THE CURRENT TILL RATE OF 6.25% INTEREST.

Note ( 2)   COLLATERAL FOR THIS CLAIM TO BE SURRENDERED.

Note ( 3)   CLAIM IS BEING PAID IN FULL AT THE INTEREST RATE OF 12%.

Note ( 4)   COLLATERAL FOR THIS CLAIM TO BE SURRENDERED.

**Debtor Payments to the Trustee**

| Months | Amount |
|---|---|
| 1-1 | $522.00 |
| 2-27 | $549.00 |

NOTICE TO ALL CREDITORS LISTED ABOVE: In an effort to disburse all funds held by the trustee on a monthly basis, it is possible that you may on occasion receive partial payment. However, the Claim Allowed by this Court will be paid in full by the end of the debtor's Plan. All undesignated funds will be distributed to unsecured creditors with timely filed proofs of claim.